UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**LEE ROBBINS,**

                                        **Plaintiff,**

                  **-v-**                                    **5:06-CV-0051**

**NEW YORK STATE ELECTRIC AND GAS**
**CORPORATION,**

                                        **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

The Lama Law Firm, LLP
Luciano L. Lama, Esq., of Counsel
2343 N. Triphammer Road
Ithaca, New York 14850
Attorneys for Plaintiff

Hinman, Howard & Kattell, LLP
Leslie Prechtl Guy, Esq., of Counsel
700 Security Mutual Building
80 Exchange Street
Binghamton, New York 13902
Attorneys for Defendant

**Hon. Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

        Defendant New York State Electric and Gas Corporation ("NYSEG") moves (Dkt. No.

14) for partial summary judgment dismissing certain causes of action in the complaint filed by

plaintiff Lee Robbins ("Robbins").  For the reasons set forth below, the motion is granted insofar

as it seeks dismissal of the third and fourth causes of action and otherwise denied.

**THE COMPLAINT**

Robbins' first two causes of action are based on the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.  Robbins claims that NYSEG, his employer for thirty-five years, was the administrator and fiduciary of an employee benefit plan provided pursuant to a collective bargaining agreement; that NYSEG wrongfully discharged him on or about March 2004; that NYSEG refused and failed to provide him with information regarding the plans; and that as a result, he was unable to make an informed decisions about his benefits and was wrongfully denied benefits, resulting in financial loss.

The third cause of action is for negligent infliction of emotional distress.  Robbins claims that in March 2003, his supervisor asked him when he was going to retire; that Robbins, who was not at retirement age, replied that he had no intention of retiring; that the supervisor then began "a campaign of false allegations against plaintiff, wrongful and destructive criticisms of plaintiff's work, and would not allow plaintiff to work more than an hour of overtime, effective January 1, 2004"; that on March 17, 2004, NYSEG suspended Robbins without pay based upon false allegations that he had sexually harassed other employees; that NYSEG's actions "caused plaintiff to fear for his own safety and mental health"; and that he suffered severe mental, physical, and financial damages.

The fourth cause of action for intentional infliction of emotional distress restates the allegations of the third cause of action and avers that NYSEG "embarked upon a campaign of extreme and outrageous conduct against plaintiff"; that NYSEG's conduct evinced a reckless disregard of a substantial probability that said acts would cause Robbins severe emotional distress; and that he suffered severe emotional distress causing him to become disabled and

require medical and psychological treatment.

The fifth and sixth causes of action are based on the New York State Labor Law ("Labor Law").  In the fifth, Robbins claims that under section 195(6) of the Labor Law, he was entitled to notice of termination of his participation in employee benefits within five days of the termination of his employment by NYSEG, and that NYSEG's failure to provide the required notice caused him to sustain financial loss.  In the sixth cause of action, Robbins alleges that under section 217 of the Labor Law, he had the right to continue his medical and health insurance, but that NYSEG refused to pay the premiums to retain the coverage, resulting in financial loss.

In the seventh cause of action, Robbins claims that NYSEG, as plan fiduciary, breached its duty to him by failing to pay insurance premiums on his behalf and by otherwise violating ERISA in connection with his benefits.

## PROCEDURAL BACKGROUND

On March 30, 2004, Robbins filed a complaint with the New York State Division of Human Rights ("NYSDHR") raising state law claims of discrimination based on his age.  The NYSDHR complaint set forth essentially the same allegations as in the third and fourth causes of action in the complaint in the case at bar, summarized above.  At that point, plaintiff had been placed on unpaid leave but had not yet been terminated.

On April 7, 2004, NYSEG issued a report based on its internal investigation of sexual harassment complaints made against Robbins by five female employees.  They reported numerous instances of inappropriate conduct by Robbins occurring between January 1997 and March 2004, including unwanted touching and comments with overt sexual content.  They also reported that he made statements about guns and violence that caused them to be afraid of him.  Based on this

-3-

report, NYSEG terminated Robbins.

NYSDHR investigated and on September 23, 2004, issued a Determination and Order After Investigation dismissing the complaint on the ground of no probable cause.  NYSDHR stated that NYSEG "offered legitimate non-discriminatory reasons for the actions [it] took against [Robbins], and there is no reason to believe that those actions were the result of illegally discriminatory motives."

Robbins sought judicial review of the dismissal pursuant to section 298 of New York Executive Law.  Upon review, New York State Supreme Court affirmed the NYSDHR determination of no probable cause, finding that it "has a rational basis and is not arbitrary and capricious."  Supreme Court added that all of NYSEG's assertions of fact were borne out by documentation, and that Robbins presented no evidence supporting his assertions or refuting those of NYSEG.

Robbins then commenced this action on January 13, 2006.  NYSEG moves for partial summary judgment dismissing the third, fourth, fifth and sixth causes of action.

## DISCUSSION

**Summary judgment**

A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the Court, viewing the evidence in the light most favorable to the nonmovant and drawing all reasonable inferences in nonmovant's favor, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact

requiring a trial.  *See Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989).  If the nonmovant fails to carry this burden, summary judgment is appropriate.  *See Celotex,* 477 U.S. at 323.

**Third and Fourth Causes of Action – Negligent and Intentional Infliction of Emotional Distress**

The third cause of action is for negligent infliction of emotional distress, based on Robbins' allegation that NYSEG breached a duty to owed to him, causing him to suffer emotional harm.  It is well established in New York that this cause of action "generally must be premised on conduct that unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his or her physical safety."  *Johnson v. New York City Bd. of Educ.*, 704 N.Y.S. 2d 281, 283 (2nd Dep't 2000); *accord Saava v. Longo*, 779 N.Y.S. 2d 129, 131 (2nd Dep't 2004). [1]

The fourth cause of action is for intentional infliction of emotional distress.  Under New York common law, to make out such a claim, a plaintiff must establish 1) extreme and outrageous conduct; 2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; 3) severe emotional distress; and 4) a causal connection between the conduct and a cognizable injury.  *See Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 121 (1993).

A cause of action for either intentional or negligent infliction of emotional distress must be supported by allegations of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Dillon v. City of New York*, 704 N.Y.S.2d 1, 7 (1st Dep't

---

[1]

In certain circumstances not applicable here, a plaintiff may state a claim for negligent infliction of emotional distress under the bystander theory, *see Bovsun v. Sanperi*, 61 N.Y.2d 219 (1984), or on the ground that there is "an especial likelihood of genuine and serious mental distress, arising from ... special circumstances[.]"  *See Johnson v. State*, 37 N.Y.2d 378 (1975).

1999) (citations omitted); *accord Blake v. Race*, 487 F.Supp.2d 187, 219 (E.D.N.Y. 2007).

NYSEG's report of its internal investigation, dated April 7, 2004, shows that five female employees reported numerous instances of sexually harassing conduct by Robbins occurring over a period of seven years.  Regardless of whether the employees' allegations were in fact true, the record evidence – including the investigative report and the findings of the NYSDHR and State Supreme Court – demonstrates as a matter of law that NYSEG's conduct in investigating and acting upon the numerous allegations was not outrageous.  Similarly, Robbins' allegation that another employee, who was accused of sexually harassing customers, was treated less harshly, even if true, would not support a finding that NYSEG's conduct towards Robbins was outrageous. The conduct alleged by Robbins falls far short of the extreme, outrageous, intolerable conduct that would support claims of negligent and intentional infliction of emotional distress. Furthermore, his allegations, even if true, would not support a finding that NYSEG's actions endangered his physical safety or caused him to fear for his physical safety so as to support a claim based on negligent infliction of emotional distress.

NYSEG has carried its burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law dismissing the claims of negligent and intentional infliction of emotional distress.  Robbins fails to show the existence of a material question of fact.  Summary judgment dismissing the third and fourth causes of action is granted.

**Fifth and Sixth Causes of Action – New York Labor Law**

In the fifth and sixth causes of action, Robbins claims that NYSEG failed to provide him with notice of termination of benefits and failed to pay his health insurance premiums.  He seeks to recover for lost benefits and uncovered medical expenses under sections 195(6) and 217(7)(b)

-6-

of the Labor Law.  NYSEG has not demonstrated that it is entitled to judgment dismissing these claims.

## CONCLUSION

It is therefore

ORDERED that the motion (Dkt. No. 14) for partial summary judgment by defendant New York State Electric and Gas Corporation is granted to the extent that the third and fourth causes of action of the complaint are dismissed; and it is further

ORDERED that the motion is otherwise denied.

IT IS SO ORDERED.

September 4, 2007
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge